**James O. LONG, Plaintiff,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 75–0675–CH.**

United States District Court, S. D. West Virginia, Charleston Division.

May 15, 1978.

---

Franklin W. Kern and Hazel A. Straub, Charleston, W. Va., for plaintiff.

Robert B. King, U. S. Atty., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

DENNIS R. KNAPP, Chief Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare, which denied plaintiff's application for a period of disability insurance benefits under the provisions of the Social Security Act, as amended. This suit was instituted on October 10, 1975; it is currently pending before the Court on the parties' cross-motions for summary judgment.

The plaintiff filed an application for a period of disability or disability insurance benefits on March 26, 1974, alleging that he became unable to work in February, 1974. On May 23, 1975, the administrative law judge held that plaintiff was not entitled to a period of disability or disability insurance benefits, finding that· "claimant was not prevented from engaging in substantial gainful activity, on or before the date of this decision, for any continuous period which has lasted or could be expected to last for at least twelve months" (Tr. 44). The administrative law judge's decision became the final decision of the Secretary of Health, Education and Welfare when the Appeals Council approved that decision on August 15, 1975. Plaintiff's civil action in this court was remanded to the Secretary by an order of February 10, 1976. The Appeals Council then remanded the case to the administrative law judge for a supplemental hearing. In an order dated March 14, 1977, the administrative law judge reaffirmed his previous denial, and the Appeals Council adopted his decision in a written opinion of June 13, 1977.

The medical evidence establishes that plaintiff has mild diabetes mellitus, arthritis of the knees, dorsal and lumbar spine, hypertensive cardiovascular disease which is controlled with appropriate medi-

cation, exogenous obesity and a histeriod personality disorder; and these impairments prevent him from performing his former work activity (Tr. 23–24). In accordance with the rule of *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968), the burden of proof shifts to the defendant to establish that there are jobs available in the local economy which plaintiff is capable of performing. A vocational expert, taking plaintiff's medical condition, age, and education into account, testified to several categories of jobs that plaintiff is able to perform (Tr. 168). However, on cross-examination the vocational expert admitted (assuming the severity of plaintiff's subjective pain is moderate to severe) "that no claimant or no person would be able to even meet the light and sedentary demands of these jobs that I testified to earlier" (Tr. 172). Plaintiff's own statements of pain (Tr. 130, 134, 143, 147); his co-worker's testimony that plaintiff was suffering "difficulty and pain" during his last nine months on the job (Tr. 152); the testimony of plaintiff's brother that he "observed him (the plaintiff) complaining about his back and legs (Tr. 153) as well as medical reports from plaintiff's treating physician of three years (Tr. 229) that plaintiff suffers from degenerative arthritis of both knees, dorsal spine and lumbar spine (Tr. 267) and is "totally disabled for gainful employment" (Tr. 270) tends to support the conclusion that plaintiff's pain is moderate to severe.

In *Sayers v. Gardner*, 380 F.2d 940, 949 (6th Cir. 1967), the court held that unmeasured pain may be disabling under the Social Security Act. Quoting *Drafts v. Celebrezze*, D.C., 240 F.Supp. 535, 538, the Court wrote:

"Pain was brushed aside as a subjective non-entity. Well reasoned opinions and the obvious purposes of the Act compel that great consideration be accorded to that merciless entity called 'pain.' The fact that some extraordinary individuals can bear it and perform unflinchingly does not mean that such heroics is the 'standard.' The criterion is not even the standard of the ordinary man or the average man; the standard is the individual claimant himself, with all his personal assets and liabilities."

This court has concluded, after a careful review of the whole record and its exhibits, that the Secretary has failed to carry its burden of proof to establish that there are jobs in the local economy which plaintiff is able to perform. The Court is of the opinion that the denial of benefits is not supported by substantial evidence and that plaintiff is entitled to disability benefits.

It is therefore ORDERED that the decision of the Secretary be, and the same is, hereby reversed; that defendant's motion for summary judgment be, and the same is, denied; and that plaintiff's motion for summary judgment be, and the same is, hereby granted and the plaintiff is granted a period of disability and disability insurance benefits in accordance with his application and the provisions of the Social Security Act, as amended.