DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Petitioner,

v.

BEATRICE POCAHONTAS COMPANY and Acie D. Blankenship, Respondents.

No. 81–1728.

United States Court of Appeals, Fourth Circuit.

Argued March 30, 1982.

Decided Jan. 20, 1983.

Washington, D.C., for Black Lung Benefits on brief), for petitioner.

J. Randolph Query, III, Charleston, W.Va. (Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., on brief), for respondents.

Before WIDENER and SPROUSE, Circuit Judges, and KISER *, United States District Judge, sitting by designation.

KISER, District Judge.

This case arises out of the Black Lung Benefits Act (the Act), 30 U.S.C. § 901, *et seq.* Acie Blankenship, a coal miner for 30 years, filed for black lung benefits, and the claim was approved by the Department of Labor. Beatrice Pocahontas Co. (Beatrice) contested its liability so the case was transferred for an Administrative Law Judge hearing. The Administrative Law Judge found that the presumption of total disability due to pneumoconiosis arising out of coal mine employment was established under 20 CFR § 727.203(a)(1) by the x-ray evidence of record that indicated the claimant had black lung disease. However, the Administrative Law Judge also found that this presumption was rebutted under 20 CFR § 727.203(b)(2) by medical evidence establishing that the claimant is not totally disabled by a physical impairment from performing his usual work as an electrician in the coal mines. The Benefits Review Board (the Board), affirming the Administrative Law Judge's decision, held that the presumption of total disability had been successfully rebutted by establishing that the miner is not totally disabled. The Board maintained that after such a determination, the rebutting party does not have to show that jobs are available requiring the miner's skill, the location of such jobs, and that the miner has a reasonable opportunity to be hired.

Cristina C. Favis, U.S. Dept. of Labor, Washington, D.C. (T. Timothy Ryan, Jr., Sol. of Labor, Donald S. Shire, Associate Sol., J. Michael O'Neill, Asst. Counsel,

The position of the Director of the Office of Worker's Compensation Programs (the Director) is that in order to rebut the interim presumption of disability, Beatrice must

---

* The Honorable Jackson L. Kiser, United States District Judge for the Western District of Virginia, sitting by designation.

introduce both medical evidence that the claimant is not disabled *and* evidence of economic job availability. In support of this position, the Director cites cases imposing a job availability requirement where the claimant is unable to perform his usual occupation, but is able to do other comparable work. We disagree with the Director's position.

■ Under 20 CFR § 727.203(a), a claimant who has compiled a work record of at least ten years of coal mine employment is entitled to the benefit of a legal presumption that he is totally disabled due to pneumoconiosis arising out of such employment if certain medical requirements are met, such as a chest x-ray establishing the existence of black lung. Here, the claimant was entitled to rely upon the interim presumption and thus established a *prima facie* case of entitlement.

■ Beatrice sought to rebut the interim presumption by a showing under 20 CFR § 727.203(b)(2) that "in light of all relevant evidence" the claimant is able to do coal mine work. "All relevant medical evidence shall be considered" in rebutting the presumption. 20 CFR § 727.203(b). The regulations appear to consider medical evidence alone sufficient to rebut the initial presumption of disability. There is no language in the regulations requiring vocational evidence as a necessary element of rebuttal. If economic evidence were required to rebut the presumption, the Director could have written this requirement into the regulations.

Medical evidence was introduced showing that the claimant is still able to work in the mines and is not unemployed because of any physical disability, specifically pneumoconiosis. Dr. McGuire and Dr. Buddington examined the claimant and found that his cardiac and pulmonary functions were within normal limits. Dr. Erwin conducted a physical examination, pulmonary function studies, x-ray analyses, and blood gas tests, and was unable to find the claimant totally disabled from his regular job in the coal mining industry. Thus, the interim presumption was rebutted under § 203(b)(2) of the regulations by medical evidence establishing the absence of any totally disabling respiratory or pulmonary impairment.

■ An employer's duty to come forward with vocational evidence does not arise unless and until the claimant establishes by adequate medical evidence that his disability prevents him from performing his previous work. In *Newport News Shipbuilding & Dry Dock Co. v. Director, Office of Worker's Compensation Programs,* 592 F.2d 762 (4th Cir.1979)[1], the Court stated that a claimant seeking an award for total disability must prove that he is disabled from performing his regular employment. Until such facts are established, the burden does not shift to the employer to prove the availability of alternative employment. In a social security case, where the record was uncontradicted that the claimant was under a disability as to preclude his return to his former occupation as a coal miner, the burden would *then* shift to the Defendant to establish that there were jobs available in the local economy that the claimant was capable of performing. See: *Hicks v. Gardner,* 393 F.2d 299, 301 (4th Cir.1968)[2]. In *Long v. Califano,* 451 F.Supp. 273 (S.D. W.Va.1978), the Court held that when medical evidence establishes that impairments suffered by the social security claimant prevented him from performing his former work activity, only then does the burden of proof shift to the Defendant to demonstrate such job availability.

■ Here, the initial presumption of disability was rebutted by competent medical evidence. Only substantial evidence was needed to support the Administrative Law

---

1. Decided under Longshoremen's and Harbor Workers' Act, 33 U.S.C. § 901, *et seq.*

2. At the time of the *Hicks* decision, the analysis of economic evidence under the Social Security Act was the availability of jobs in the *local* economy. Subsequently, the statute was amended by Congress to make job availability in the *national* economy the appropriate test. Social Security Act § 223(d)(2)(A) as amended, 42 U.S.C. § 423(d)(2)(A) (1968).

Judge's conclusion, as affirmed by the Board, that the presumption was rebutted. This brought all the evidence into equipoise such that the Administrative Law Judge could find that based on substantial evidence the claimant was not totally disabled. With the presumption rebutted, the claimant did not establish total disability, thereby failing to show any entitlement under the Act. Consequently, the point was never reached where the burden of proof shifted so as to require Defendant to produce vocational evidence since the miner was found to be physically capable of performing his old job.[3]

The Director urges that claimant probably cannot get his old job back with Beatrice due to economic considerations of the employment market. But such is not a proper inquiry considering the posture of the evidence. The claimant is still physically able to work in the mines and is not unemployed because of any physical infirmities. The Act provides benefits to be paid for medical disability and is not a form of unemployment insurance.

Having determined on the basis of substantial evidence that the claimant was able to perform his regular work, after the initial presumption of disability was rebutted by sufficient medical evidence, so that the stage was never reached where the burden of proof lay with the employer to demonstrate other employment opportunities, we sustain the conclusions of the Administrative Law Judge and the Board that the claim for black lung benefits be denied. Therefore, the decision of the Benefits Review Board is AFFIRMED.

---

**3.** The Director stresses that under 30 U.S.C. § 902(f)(1)(A), a miner shall be considered totally disabled "when pneumoconiosis prevents him or her from engaging in gainful employment requiring the skills and abilities comparable to those of any employment in a mine or mines in which he or she previously engaged with some regularity over a substantial period of time." Yet the Director's reliance on the definition of total disability is without merit in that this concept comes into play only where the evidence shows that the claimant is unable to perform his usual job.