791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ERNEST KING, Petitioner-Appellant,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR Respondent-Appellee.
 85-3260
 United States Court of Appeals, Sixth Circuit.
 4/9/86
 
 REVIEW DENIED
 Ben.Rev.Bd
 ON PETITION FOR REVIEW OF AN ORDER OF THE BENEFITS REVIEW BOARD
 BEFORE: CONTIE AND MILBURN Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Claimant-appellant Ernest King petitions from a decision of the Benefits Review Board affirming the ALJ's denial of benefits to King under both Parts B and C of the Black Lung Benefits Act (the 'Act').[1] See 30 U.S.C. Secs. 901-962 (1982). On appeal, King raises numerous assignments of error. After careful consideration of each contention, we affirm.
 
 
 2
 The ALJ, in this case, considered King's claim under both Parts B and C of the Act.[2] Analyzing the claim under Part C, the ALJ, first, relying solely upon one medical report by Dr. C.C. Smith[3] invoked the interim presumption pursuant to 20 C.F.R. Sec. 727.203(a)(4) (1985). The ALJ next, however, concluded based largely upon a medical report of Dr. Russell that the presumption had been rebutted, finding that King could do his 'usual coal mine work.' 20 C.F.R. Sec. 727.203(b)(2) (1985). Turning to King's claim under Part B, the ALJ initially found that King had only been employed as a coal miner for 12 years. This factual determination, according to the ALJ, prevented King from invoking the presumption under either 20 C.F.R. Sec. 410.414(b)(3) (1985), which requires a showing of at least 15 years of coal mine employment, or 20 C.F.R. Sec. 410.414(b)(4) (1985), which requires a claimant to establish 'many years' of coal mine employment. The ALJ also held that since King had failed to establish the 'existence of a totally disabling chronic respiratory or pulmonary impairment,' King was precluded from relying upon the other relevant evidence presumption of 20 C.F.R. Sec. 410.414(c) (1985). The Benefits Review Board affirmed the ALJ's decision as supported by substantial evidence and this appeal ensued. We first address King's claims under Part C of the Act.
 
 
 3
 As an initial matter, we note that the ALJ improperly invoked the interim presumption under the other medical evidence test of Section 727.203(a)(4) since he considered only the favorable report of Dr. Smith in invoking the presumption; all relevant medical reports must be considered in invoking the interim presumption under Section 727.203(a)(4). Moseley v. Peabody Coal Co., 769 F.2d 357, 359 (6th Cir. 1985); Consolidation Coal Co. v. Sanati, 713 F.2d 480 (4th Cir. 1983). Despite this error, reversal will not be required if the ALJ's conclusion that the interim presumption had been rebutted is supported by substantial evidence. Cf. Moseley, 769 F.2d at 359. We, therefore, consider this question.
 
 
 4
 Section 727.203(b)(2) provides that the interim presumption is rebutted if in light of 'all relevant evidence' it is established that the coal miner 'is able to do his usual coal mine work or comparable and gainful work.' 20 C.F.R. Sec. 727.203(b)(2) (1985). While voacational evidence is admissible under Section 727.203(b)(2) to establish the presence or absence of comparable and gainful work, shamrock Coal Co. v. Lee, and gainful work, Shamrock Coal Co. v. Lee, 1985), 'such factors are not relevant if the medical evidence substantiates that the miner can perform his normal coal mine work,' Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 731 (6th Cir. 1985) (per curiam); Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488-90 (6th Cir. 1985). In the case at bar, the ALJ relied upon the medical report of Dr. Russell which concluded that King had chronic bronchitis which imposed only a 'mild limitation' upon King. Dr. Russell's report was based upon a ventilatory study, an x-ray, and a physical examination of King. Similarly, a pulmonary study done by Dr. Richard Krumholz indicated that King only had a mildly obstructive pulmonary disease. Further, the ALJ gave significant weight to a negative x-ray read and re-read in 1977 by Dr. Gordonson a B-reader, see 20 C.F.R. Sec. 718.202(a)(1)(ii)(E) (1985). In contrast, Dr. C.C. Smith after reviewing an x-ray and giving King a physical examination concluded that King had complicated pneumoconiosis.[4] The ALJ's decision to credit the report of Dr. Ressell, as supported by Dr. Krumholz's pulmonary study and Dr. Gordonson's x-ray readings, over Dr. C.C. Smith's report was a permissible credibility determination. See Director v. Rowe, 710 F.2d 251, 255 (6th Cir. 1983). Furthermore, we believe that Dr. Russell's medical report, Dr. Krumholz's pulmonary study, and Dr. Gordonson's x-ray readings constitute substantial evidence that King was able to perform his usual coal mine work.[5] See, e.g., Director v. Congleton, 743 F.2d 428, 430-31 (6th Cir. 1984). Accordingly, we affirm the ALJ's denial of benefits under Part C.
 
 
 5
 As to King's claim under Part B, we affirm the ALJ's decision but under a slightly different rationable. All three presumptions relied upon by King under Part B require the existence of a totally disabling respiratory or pulmonary impairment or a severe lung impairment. Specifically, Section 410.414(b)(3) requires that the miner have a 'totally disabling chronic respiratory or pulmonary impairment,' 20 C.F.R. Sec. 410.414(b)(3) (1985), Section 410.414(b)(4) only applies to coal miners who have a 'severe lung impairment,' 20 C.F.R. Sec. 410.414(b)(4) (1985), and Section 410.414(c) mandates that the other relevant evidence establish 'the existence of a totally disabling chronic respiratory or pulmonary impairment,' 20 C.F.R Sec. 410.414(c) (1985). As previously discussed, the ALJ conclusion that King only had a 'mild limitation' due to chronic bronchitis was supported by substantial evidence. This finding, therefore, precludes King from invoking any of the Part B presumptions upon which he relies.[6] Accordingly, the ALJ correctly determined that King did not establish the predicate facts to invoke any of the presumptions under Part B of the Act.
 
 
 6
 For the foregoing reasons, the petition for review is denied.
 
 
 7
 CONTIE, Circuit Judge, dissenting.
 
 
 8
 I agree with the majority that the ALJ used the incorrect legal standard in invoking the interim presumption pursuant to 20 C.F.R. Sec. 727.203(a)(4). See Moseley v. Peabody Coal Co., 769 F.2d 357, 359 (6th Cir. 1985); Director, Office of Workers' Compensation Programs v. Rowe, 710 F.2d 251, 255 (6th Cir. 1983); Consolidation Coal Co. v. Sanati, 713 F.2d 480, 482 (4th Cir. 1983). I also agree that reversal would not be required if the rebuttal of the interim presumption is supported by substantial evidence. However, if the ALJ does not apply the correct legal standard in concluding that the interim presumption is rebutted, then reversal is required. Since that is what I believe occurred in this case, I dissent.
 
 
 9
 Once an interim presumption has been invoked, thereby establishing the claimant's prima facie case, the 'burden of going forward shifts to the [Director] to produce evidence sufficient under the same section to rebut the presumption.' Prokes v. Mathews, 559 F.2d 1057, 1060 (6th Cir. 1977). Although there are several methods of rebutting an interim presumption under 20 C.F.R. Sec. 727.203(b), the ALJ chose to rely on subsection (b)(2).[7] Pursuant to subsection (b)(2), rebuttal is established if '[i]n light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work . . ..'
 
 
 10
 The ALJ concluded that the doctors' diagnoses established that King did not suffer from a totally disabling respiratory impairment, and, therefore, rebuttal pursuant to 20 C.F.R. Sec. 727.203(b)(2) was satisfied. The ALJ did not find, as the majority suggests, that the claimant was capable of performing his usual coal mine work. Instead, the ALJ reasoned that the Director's burden under subsection (b)(2) 'is met if the Director establishes that claimant does not suffer from a respiratory impairment or that such an impairment is not totally disabling.' This approach completely ignores the fact that section 727.203(b)(2) contains two methods of rebutting an interim presumption which are comprised of different requirements.
 
 
 11
 Fairly read, Sec. 727.203(b)(2) establishes two methods of rebutting the presumption of total disability: (1) by showing that the individual is able to perform his usual coal mine work, or (2) that claimant is able to do other comparable and gainful work.
 
 
 12
 Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 730 (6th Cir. 1985) (per curiam) (original emphasis). There are significant differences--both factually and legally--between finding an ability to perform usual coal mine work versus finding a capacity to perform comparable and gainful work. If it is found that the claimant is not totally disabled for performing coal mine work, then the ALJ is not required to consider vocational factors such as age, education and work experience in order to satisfy the Director's burden under section 727.203(b)(2). See Kolesar 760 F.2d at 730; Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 490 (6th Cir. 1985); Taft v. Alabama By-Products Corp., 733 F.2d 1518, 1521 (11th Cir. 1984); Director, Office of Workers' Compensation Programs v. Beatrice Pocahontas Co., 698 F.2d 680, 682 (4th Cir. 1983). In such a situation, therefore, an ALJ can properly rely on medical evidence to rebut the presumption. In contrast, if it is determined that the claimant is capable of performing 'comparable and gainful work,' the Director may not rely solely on medical evidence to satisfy his burden under section 727.203(b)(2). Rather, vocational factors such as age, education, and work experience must be considered. Shamrock Coal Co. v. Lee, 751 F.2d 187, 190 (6th Cir. 1985); Kolesar, 760 F.2d at 730-31; Ramey, 755 F.2d at 488 n.5.
 
 
 13
 Further, in situations where the Director has relied solely on medical evidence to establish a claimant's ability to perform his usual coal mine work, the records have contained medical evidence which specifically related to the claimant's ability to pursue his usual coal mine work. See, e.g., Ramey, 755 F.2d at 487-88 (record contained various medical reports specifically addressing the claimant's ability to do coal mine work including his tolerance for working around coal dust); Taft, 733 F.2d at 1520 (two doctors opined that the claimant's impairment did not render him unable to perform his usual coal mine work); Beatrice Pocahontas Co., 698 F.2d at 682 (doctors were 'unable to find the claimant totally disabled from his regular job in the coal mine industry').
 
 
 14
 In the instant case, the ALJ did not make a finding that the claimant remained able to return to his ususal coal mine work, and there were no medical reports which addressed this question. Rather, the ALJ concluded that the claimant's 'respiratory or pulmonary impairment is not totally disabling.' The ALJ's analysis and general conclusion is inadequate because it was never determined whether the claimant remained able to perform his usual coal mine work or to perform comparable work. The standard for rebuttal under subsection (b)(2) has never been that the Director merely show that the impairment is not 'totally disabling.' If such were the case, then vocational factors would never have to be considered. That is not the law in this Circuit. See Shamrock Coal Co. v. Lee, 751 F.2d 187 (6th Cir. 1985).
 
 
 15
 For these reasons, I believe that the decision of the Benefits Review Board should be REVERSED, and this case be REMANDED for further consideration.
 
 
 
 [1]
 Part B of the Act is federally financed and administered by the Social Security Administration while part C of the Act is administered by the Department of Labor and financed by responsible mine operators. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 489 (6th Cir. 1985)
 
 
 [2]
 Due to our disposition of this case, we need not decide whether this was a correct interpretation of 20 C.F.R. Sec. 727.203(d) (1985)
 
 
 [3]
 In the ALJ's opinion, Dr. Smith was once incorrectly referred to as Dr. Clark
 
 
 [4]
 King also relies upon an alleged finding by the Social Security Administration that he was disabled. No document or testimony presented to the ALJ, however, established the existence of such a finding by the Social Security Administration
 
 
 [5]
 Since the relevant medical evidence failed to establish that King was unable to perform his usual coal mine work, the ALJ correctly refused to consider any of King's vocational evidence, including the testimony of King's wife. See Kolesar, 760 F.2d at 731
 
 
 [6]
 Due to our disposition on this issue, we need not determine whether the ALJ's finding that King only worked in coal mines for 12 years is supported by substantial evidence
 
 
 [7]
 Section 727.203(b)(1) provides that rebuttal is established if the individual is presently 'doing his usual coal mine work or comparable and gainful work . . ..' The ALJ found this to be inapplicable since the claimant had been unemployed since 1973. Under subsection (b)(3) the interim presumption is rebutted if '[t]he evidence establishes that the total disability . . . of the miner did not arise in whole or in part out of coal mine employment . . .,' while under subsection (b)(4) rebuttal is established if the evidence shows that the 'miner does not . . . have pneumoconiosis . . ..' Since the ALJ relied on subsection (b)(2), he did not address subsections (b)(3) and (4)