803 F.2d 718
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EDESSEL CASE, Petitioner
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; C & H COAL COMPANY;
and OLD REPUBLIC INSURANCE COMPANY Respondents.
 No. 85-3660.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1986.
 
 BEFORE: JONES and KRUPANSKY, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Petitioner Edessel Case appeals from a decision of the Benefits Review Board ("BRB" or "Board") affirming a determination by an Administrative Law Judge ("ALJ") denying him benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et. seq. (1982). Case contends on appeal that the BRB erred in finding that the ALJ's determination that Case suffered no totally disabling pulmonary or respiratory impairment was sufficient to rebut the interim presumption of total disability due to pneumoconiosis evoked under 20 C.F.R. Sec. 727.203(a)(4) (1986). We conclude that under the circumstances of this case the finding of no totally disabling impairment was sufficient to invoke the rebuttal provision of 20 C.F.R. Sec. 727.203(b)(2) (1986). Accordingly, we affirm.
 
 
 2
 Case, a coal miner in Kentucky for 21 years, stopped working in the mines in April, 1977 after experiencing chest pains and shortness of breath. At or around this time, Dr. Lowell D. Martin diagnosed Case as having silicosis and advised him not to return to underground coal mining. Case filed an application for black lung benefits with the Department of Labor in May, 1977. After his claim was denied in October, 1979, Case requested a formal hearing, which was conducted in October, 1981. An ALJ determined that Case was entitled to invocation of the interim presumption of total disability due to pneumoconiosis pursuant to 20 C.F.R. Sec. 727.203(a)(4) based solely on the fill-in-the-blanks letter of Dr. Martin evidencing a totally disabling respiratory or pulmonary impairment.[1] However, based on additional medical evidence and the medical evaluations of three other physicians, the ALJ also concluded that Case's employer, C & H Coal Company, a respondent herein, had succeeded in rebutting the presumption under 20 C.F.R. Sec. 727.203(b)(2), which provides that the interim presumption is rebutted if it is established that the claimant "is able to do his usual coal mine work or comparable and gainful work." The ALJ determined that a section 727.203(b)(2) rebuttal had been achieved upon a showing that Case "does not have a totally disabling pulmonary or respiratory impairment."
 
 
 3
 On appeal to the BRB, Case did not directly challenge the ALJ's finding of no totally disabling impairment, but argued that the ALJ's determination that rebuttal had been established under section 727.203(b)(2) was infirm because none of the physicians credited by the ALJ at the hearing expressed the opinion that Case was able to perform his usual coal mine work. The Board, finding that the ALJ's conclusion of no totally disabling impairment was supported by substantial evidence and that such a finding was sufficient to invoke the rebuttal provision of section 727.203(b)(2), affirmed the denial of benefits. Appeal directly to this Court, as authorized by 33 U.S.C. Sec. 921(c)(1982), ensued.
 
 
 4
 Case does not challenge the ALJ's determination that he suffered no totally disabling pulmonary or respiratory impairment.[2] Instead, he contends here, as he did before the BRB, that such a finding is an insufficient basis for concluding that the interim presumption of total disability has been rebutted under section 727.203(b)(2). According to Case, the plain language of that regulation "requires examination of all relevant evidence and requires the fact finder to determine if the Claimant is able to do his usual coal mine work or comparable and gainful work considering all of the Claimant's impairaments [sic]."
 
 
 5
 To the extent that Case is contending that a determination that a black lung claimant suffers from no totally disabling pulmonary or respiratory impairment may never serve as the sole basis for invoking the rebuttal provision of section 727.203(b)(2), we disagree. "Fairly read, Sec. 727.203(b)(2) establishes two methods of rebutting the presumption of total disability: (1) by showing that the individual is able to perform his usual coal mine work, or (2) that claimant is able to do other comparable and gainful work." Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 730 (6th Cir. 1985) (per curiam) (emphasis in original). Although vocational factors such as age, education, and work experience must be considered if an ALJ is determining that a claimant is capable of performing "comparable and gainful work," id. at 730-31; Shamrock Coal Co. v. Lee, 751 F.2d 187, 189-90 (6th Cir. 1985), such factors need not be taken into account in finding that a claimant is capable of performing his usual coal mine work. Kolesar, 760 F.2d at 730; Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 490 (6th Cir. 1985). Instead, the first prong of section 727.203(b)(2) is strictly a medical test and will be invoked upon the showing that a claimant is not totally disabled due to pneumoconiosis from performing his usual coal mine work. Ramey, 755 F.2d at 488-90; Taft v. Alabama By-Products Corp., 733 F.2d 1518, 1521-22 (11th Cir. 1984); Director; Office of Workers' Compensation Programs v. Beatrice Pocahontas Co., 698 F.2d 680, 682 (4th Cir. 1983); Sykes v. Itmann Coal Co., 2 Black Lung Rep. 1-1089, 1-1093 (Benefits Review Board 1980); Johnson v. Cannelton Industries, Inc., 2 Black Lung Rep. 1-1081, 1-1085 (Benefits Review Board 1980).
 
 
 6
 Clearly a claimant, like Case, who is found to suffer no totally disabling pulmonary or respiratory impairment is not totally disabled due to pneumoconiosis from performing his usual coal mine work. In light of the purpose of the Black Lung Benefits Act to provide benefits only to those persons "totally disabled due to pneumoconiosis," 30 U.S.C. Sec. 901(a)(1982), it is equally clear that a claimant who suffers no totally disabling pulmonary or respiratory impairment is not entitled to black lung benefits, gegardless of whatever other impairments may prevent the performance of his usual coal mine work. See Ramey, 755 F.2d at 489-90; see also 30 U.S.C. Sec. 902(f)(1)(A)(1982). Consistent with these principles, we find that a determination made after consideration of all relevant evidence that a claimant does not have a totally disabling pulmonary or respiratory impairment is sufficient to establish that the claimant is able to perform his usual coal mine work, thereby invoking the provision of section 727.203(b)(2) which rebuts the interim presumption of section 727.203(a).
 
 
 7
 Since the ALJ's uncontested determination that Case suffered no totally disabling pulmonary or respiratory impairment was sufficient to establish the rebuttal provision of section 727.203(b)(2), it would have been a mere formality for the ALJ to have explicitly stated that the relevant medical evidence established that Case was able to perform his usual coal mine work. Consequently, we find no error in the Board's affirmance of the ALJ's denial of black lung benefits to Case.
 
 
 8
 Accordingly, the BRB's order is AFFIRMED.
 
 
 
 [1]
 It is apparent that the ALJ improperly invoked the interim presumption under section 727.203(a)(4) since he considered only the favorable report of Dr. Martin diagnosing Case as having silicosis in invoking the presumption. All relevant medical reports must be considered, however, in invoking the interim presumption under the other medical evidence test of section 727.203(a)(4). See Moseley v. Peabody Coal Co., 769 F.2d 357, 359 (6th Cir. 1985). Nevertheless, this error is harmless and reversal not required since the ALJ's determination that the interim presumption was rebutted was correct. Cf. Moseley, 769 F.2d at 359
 
 
 [2]
 Such a challenge would have been futile in any event. Case's decision not to challenge the ALJ's finding before the Board would have precluded our consideration of the merits of the matter on this appeal from the BRB. See Cox v. Benefits Review Board, 791 F.2d 445, 447 (6th Cir. 1986) (per curiam). In addition, even if we had considered the merits of such a contention, the only medical report favorable to Case was the conclusory fill-in-the-blanks letter from Dr. Martin diagnosing Case as suffering from silicosis and stating that he should not, therefore, return to underground coal mining. In contrast to this medical opinion, three other physicians commenting on Case's medical condition found little or no pulmonary impairment. Dr. Ballard D. Wright, in July, 1977, found that Case had an essentially normal physical examination and work up, and could observe no abnormalities or make a finding of occupational pneumoconiosis. In August, 1978, Dr. Robert Abernathy found nearly normal ventilatory studies and normal blood gas results. Although he diagnosed chronic bronchitis related to coal mine employment, he added that Case suffered "no significant impairment." Most recently, in February, 1981, Dr. Allen L. Cornish, based on a complete physical examination, ventilatory studies, blood gas tests, an electrocardiogram, and a chest x-ray, concluded: "I could find no evidence of pneumoconiosis, other occupational disease of the lung, or objective evidence of pulmonary disability in my examination of Mr. Case."