836 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sidney A. SHEPPARD, Petitioner,
v.
EASTERN ASSOCIATED COAL CORPORATION, Respondent,
Director, Office of Workers Compensation Programs,
Party-in-interest, Department of Labor, Party-in-interest.
 No. 86-3085.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 4, 1987.
Decided Dec. 23, 1987.
 
 Richard G. Rundle (Rundle & Rundle, L.C. on brief) for petitioner.
 Laura Klaus (George D. Blizzard, II, Shaffer & Shaffer on brief) for respondent.
 Before HARRISON L. WINTER, Chief Judge, ERVIN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Petitioner Sidney Sheppard worked in a coal mine for nearly thirty years before retiring at the age of sixty-five in 1978. That same year he filed for black lung benefits. After a hearing in which conflicting medical evidence was introduced, Administrative Law Judge Julius A. Johnson determined that he was not entitled to benefits under 20 C.F.R. Sec. 727.203 or subpart 410D. The Benefits Review Board affirmed his decision. This appeal follows. We affirm.
 
 
 2
 The medical evidence in this case consisted of medical opinions, ventilatory studies, blood gas studies, and x-rays. The studies provided both qualifying and nonqualifying results. The physicians based their opinions on the studies, physical exams, medical histories, exercise tests, and the x-rays. All of the physicians agreed on the existence of pneumoconiosis, but disagreed on the existence of any resulting disability.
 
 
 3
 The ALJ first examined the evidence under the framework of 20 C.F.R. Sec. 727.203. He invoked the interim presumption of disability because the x-ray evidence established the existence of pneumoconiosis. He further found that the presumption was rebutted under Sec. 727.203(b)(2), because Sheppard was able to do his usual coal mine work. He weighed the conflicting medical evidence considering such factors as recency, physician expertise, and the reasons behind each opinion. After finding that the interim presumption was rebutted, he also found that Sheppard had not established total disability under 20 C.F.R. Sec. 410.
 
 
 4
 The Benefits Review Board affirmed the ALJ's ruling, finding no substantial errors.
 
 
 5
 The standard of review in black lung cases is a substantial evidence test; the findings of fact, including a finding of total disability, are conclusive if supported by substantial evidence. Beaven v. Bethlehem Mines Corp., 741 F.2d 689, 691 (4th Cir. 1984); see Banks v. Chicago Grain Trimmers Ass'n, 390 U.S. 459, 467 (1968); Peabody Coal Co. v. Benefits Review Bd., 560 F.2d 797, 802 (7th Cir. 1977); 30 U.S.C. Sec. 932(a) incorporating 33 U.S.C. Sec. 942(b)(3); 20 C.F.R. Sec. 802.301. The reviewing court cannot weigh the evidence, but can look only to its existence. Peabody, 560 F.2d at 802.
 
 
 6
 The principal issue presented here concerns Eastern's rebuttal of the interim presumption of total disability from pneumoconiosis under 20 C.F.R. Sec. 727.203(b)(2), which reads:
 
 
 7
 Rebuttal of interim presumption. In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if: ...
 
 
 8
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work....
 
 
 9
 When presented with conflicting medical opinions and test results, this court must consider all relevant medical evidence. Stapleton v. Westmoreland Coal Co., 785 F.2d 424, 427 (4th Cir. 1986)(en banc), cert. granted, 936 L.Ed.2d 826 (1987); Director v. Beatrice Pocahontas Coal Co., 698 F.2d 680, 682 (4th Cir. 1983). The employer carries the burden of disproving the presumption by a preponderance of the evidence. Stapleton, 785 F.2d at 448.
 
 
 10
 The ALJ considered all of the medical evidence in this case. He evaluated the various medical opinions, considering expertise and qualifications, reliance on objective evidence, recency of the opinion, and reliability of the underlying information. Weighing medical evidence is the duty of the trier of fact who is not bound to accept any particular medical testimony. Peabody Coal, 560 F.2d at 802; see Stapleton, 785 F.2d at 427. The opinions of Drs. Jones, Hayes, Revercomb, and Starr provide substantial evidence that Sheppard was able to do his usual work and rebut the interim presumption. The mere existence of conflicting opinions does not justify reversing the ALJ's findings under the substantial evidence standard.
 
 
 11
 Our recent decision in Sykes v. Director, Office of Workers' Compensation Programs, 812 F.2d 890 (4th Cir. 1987), does not change this result. In Sykes, this court stated that "[a] mere finding of 'no impairment' under the American Medical Association standards cannot be equated with a finding that a claimant can continue coal mining work." Id. at 893. Here, however, Drs. Revercomb, Jones, and Hayes performed extensive physical examinations, including exercise tests, and determined that Sheppard's capacity for work was not seriously impaired. They did not simply rely on standards based on blood gas or ventilatory test results; they examined his ability to work given his sixty-five years.
 
 
 12
 The ALJ found that the interim presumption of disability was rebutted by medical evidence showing that Sheppard was able to work. There is substantial evidence to support his finding.
 
 
 13
 AFFIRMED.