963 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie Sue KILGORE, Petitioner,
v.
GRUNDY MINING COMPANY, INC., Respondent.
 No. 92-3161.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1992.
 
 Before RYAN, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Willie Sue Kilgore, pro se, petitions for review of the Benefits Review Board's (BRB) decision denying her benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This claimant filed her claim for benefits on April 12, 1988, on the basis of her deceased husband's coal mine employment. Her husband had not filed a claim for black lung benefits prior to his death. The Department of Labor denied benefits to the widow, after which she timely appealed for a hearing before an administrative law judge (ALJ). After the hearing, the ALJ considered all evidence of record and denied benefits by decision and order issued October 24, 1990. The BRB affirmed this denial of benefits, on appeal.
 
 
 3
 On appeal to this court, Kilgore argues that the ALJ erred in denying her benefits because: 1) the evidence established that her husband had pneumoconiosis at the time of his death; 2) that eventually, the disease would have prevented him from working in the coal mines; and 3) the fact that his death was caused by an accident in the mines should not prevent her from receiving black lung benefits.
 
 
 4
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Corp., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 5
 The ALJ properly applied Part 718 to this survivor's claim because the claim was filed after March 31, 1980. Survivors who file after January 1, 1982, as did this claimant, must establish that the miner's death was "due to pneumoconiosis." 20 C.F.R. § 718.1(a). However, the regulations also specifically provide that survivors are not eligible for benefits where the miner's death was caused by a traumatic injury. 20 C.F.R. § 718.205(c)(4).
 
 
 6
 The ALJ completely and accurately summarized all of the relevant medical evidence, as set forth in his decision and order. He found that the miner died as a result of a massive chest injury he received in a mining accident, and that the evidence did not show that pneumoconiosis was a "substantially contributing cause of death" under the regulations, as required for the survivor to be entitled to benefits. The presumptions provided to survivors under other sections of Part 718 apply only when a survivor has filed a claim before January 1, 1982, or when complicated pneumoconiosis rather than simple pneumoconiosis is found.
 
 
 7
 Substantial evidence supports the ALJ's decision to rely principally on the medical evidence and, particularly, the death certificate, in determining that pneumoconiosis was not a contributing factor to the miner's death.
 
 
 8
 Accordingly, the BRB's order denying benefits and affirming the ALJ's decision is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.