980 F.2d 729
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul BAKER, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 92-3364.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1992.
 
 1
 Before ALAN E. NORRIS and SILER, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 Paul Baker, through counsel, petitions for review of the Benefits Review Board's (BRB) decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Further, the parties in this case have waived oral argument.
 
 
 3
 The claimant filed for black lung benefits with the Social Security Administration on September 15, 1970. Baker again filed for benefits in 1973, but both claims were administratively denied. On March 16, 1979, Baker filed a claim for benefits with the Department of Labor. The claim was denied and, thereafter, the claimant requested a hearing before an Administrative Law Judge (ALJ), which was held on November 9, 1982. Subsequently, the case was remanded for consideration of additional evidence, and a second formal hearing was requested and held on May 20, 1986.
 
 
 4
 The ALJ then issued a decision and order awarding benefits, on October 3, 1986. Upon the Director's motion for reconsideration, the ALJ denied the motion, affirming the award by order issued December 22, 1986. On appeal to the BRB, the Board determined that the physician's opinion which the ALJ relied upon to invoke the interim presumption in favor of the claimant under Part 727 of the black lung regulations was insufficient to establish that invocation. Specifically, the Board held that the medical opinion did not attribute the claimant's total disability to a pulmonary or respiratory impairment, as required under 20 C.F.R. § 727.203(a)(4). Accordingly, the Board affirmed the ALJ's decision in part and vacated it in part, remanding the case for the ALJ to reconsider the remaining relevant evidence, and to determine whether Baker could invoke the interim presumption on the basis of other physicians' opinions of record.
 
 
 5
 Upon remand, the ALJ determined that none of the other physicians' opinions, including that of Dr. Clarke, could invoke the interim presumption under § 727.203(a)(4). Moreover, the ALJ determined that the claimant was not entitled to benefits under Part 718 of the regulations. On a second appeal to the BRB, the Board determined that the ALJ's decision was supported by substantial evidence and that the evidence was insufficient to invoke the interim presumption under § 727.203(a)(4) or the presumption provided under § 718.305(a).
 
 
 6
 On appeal to this court, Baker contends: 1) the ALJ erroneously discredited Dr. Clarke's report merely because it was partly based upon an x-ray which was later reread as negative; 2) the ALJ erroneously discredited Dr. Clarke's opinion because there were no other medical reports which concluded that Baker is totally disabled by a pulmonary or respiratory impairment; 3) the ALJ failed to properly weigh Dr. Clarke's report against all of the medical reports of record; and 4) the ALJ's finding that Dr. Clarke's area of expertise is in the field of dermatology was not harmless error to the outcome of the case.
 
 
 7
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 8
 A review of the administrative record reveals that the ALJ thoroughly and accurately described the objective medical evidence contained therein, specifically the x-ray evidence, pulmonary function study results and results from blood gas studies performed on Baker. The record also reveals that the ALJ accurately summarized the actual content of each physician's report. It is undisputed that the ALJ and BRB properly applied Part 727 of the regulations to this claim. The parties further agree that the x-ray, pulmonary function study and blood gas study evidence was insufficient to invoke any presumption under that Part, and therefore no issue is raised as to the ALJ's determinations pursuant to §§ 727.203(a)(1)-(a)(3). All four of the issues raised by the claimant, on appeal, relate solely to whether the ALJ properly analyzed Dr. Clarke's opinion and assigned it proper evidentiary value in determining whether Baker is totally disabled due to a respiratory or pulmonary impairment in order to invoke the presumption under § 727.203(a)(4).
 
 
 9
 The Director contends that the ALJ improperly included within his decision and order the qualifications for each physician of record without noting the source of those qualifications and without being provided that information by the parties. Thus, the ALJ essentially took "official notice" of the physicians' credentials without following the proper procedures set forth for taking notice of such information under the Administrative Procedure Act (APA).
 
 
 10
 The Black Lung Benefits Act incorporates the APA to apply to hearings before ALJ's. See 5 U.S.C. § 554; 33 U.S.C. § 919(d), as incorporated by 30 U.S.C. § 932(a). The APA provides that when an agency decision rests on official notice of a material fact not appearing in the evidence in the record, a party is entitled, on timely request, to an opportunity to show to the contrary. See 5 U.S.C. § 556(e); Maddaleni v. Director, OWCP, 961 F.2d 1524, 1525 (10th Cir.1992). It is not contested that it is within the ALJ's power to take official notice of certain relevant facts. However, the Director's argument is correct that the ALJ must first give notice to the parties as to the facts being incorporated by official notice, and the ALJ must provide the source from which the information has been attained, which was not done in this case. As the ALJ essentially rejected the only remaining medical opinion that could have established invocation under Part 727 of the regulations, this error was not harmless. Therefore, this case must be remanded to the ALJ for further fact finding, and to determine whether, after following APA requirements, the claimant is entitled to benefits.
 
 
 11
 Secondly, upon remand, the ALJ should reconsider Dr. Kraman's medical opinion which invalidated a ventilatory study ordered by Dr. Clarke and conducted on February 28, 1983. Without providing his rationale for doing so, the ALJ found Dr. Kraman's opinion should be accorded greater evidentiary weight over that of Dr. Clarke, who observed the test and who stated that the patient had good comprehension and cooperation throughout the procedure so that the test results were valid and reliable. The reason for Dr. Kraman's invalidation may, indeed, be permitted under the regulations. See Part 718, Appendix B, 2(ii) and 2(iii); Wiley v. Consolidation Coal Co., 915 F.2d 1076, 1079-80 (6th Cir.1990). However, because the ALJ's rationale does not appear in either the ALJ or BRB decisions, the case must be remanded for further fact finding and weighing of the study, particularly when Dr. Clarke's medical opinion is crucial to an ultimate determination of whether benefits should be awarded in this case.
 
 
 12
 Accordingly, the petition for review is hereby granted and the BRB's decision is hereby VACATED and REMANDED, for the reasons set forth in this order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation