42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl COOTS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 93-4236.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1994.
 
 1
 Before: MILBURN, SUHRHEINRICH and LAY,* Circuit Judges.
 
 ORDER
 
 2
 Carl Coots, through counsel, petitions for review of the Benefits Review Board's decision affirming an Administrative Law Judge's (ALJ) determination that the claimant was awarded benefits under Part C of the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Coots first filed an application for Black Lung benefits with the Social Security Administration (SSA) on April 8, 1973. The SSA denied this claim on September 26, 1973, and, again, on December 12, 1973. Eventually, a hearing was held before an ALJ. The ALJ subsequently issued a Decision and Order denying benefits. The Appeals Council affirmed this decision on January 13, 1976.
 
 
 4
 Coots then elected review of this denial pursuant to 30 U.S.C. Sec. 945. The election card reveals that Coots requested review of his claim by the SSA, rather than by the Department of Labor (DOL), and that the date that he elected review was April 8, 1978. The DOL reviewed the claim and denied it on April 30, 1980. The claim was heard by an ALJ with the DOL. Thereafter, this ALJ issued a Decision and Order awarding benefits, on December 3, 1985. This award was affirmed by the Board on August 24, 1988. Coots began receiving Black Lung benefits, retroactively, from January of 1983, the date the ALJ determined that Coots's onset of disability occurred.
 
 
 5
 Because Coots had been receiving disability insurance benefits under Title II of the Social Security Act since 1967, the DOL notified Social Security that Coots had begun receiving Black Lung benefits in June of 1986. Based on this information, the SSA requested that Coots repay to that agency $6,437.90, because, under the SSA regulations, his disability benefits should have been reduced by that amount due to the receipt of his Black Lung benefits. Coots appealed this decision through the SSA administrative procedure, then to the district court and to this court. Without discussion, this court affirmed the decision that benefits had been properly adjusted and that overpayment had not been waived under the applicable regulations. 42 U.S.C. Secs. 404(b) and 424(a)(2); 20 C.F.R. Sec. 404.507.
 
 
 6
 On August 15, 1990, counsel for Coots wrote to the DOL, stating that Coots's Black Lung benefits should have been considered the result of a claim filed under Part B of the Black Lung Act, rather than Part C, so Coots's Black Lung benefits would not be subject to offset by the SSA. On August 29, 1990, the DOL responded to the August 15 letter and indicated that Coots's Part B claim became a Part C claim upon transfer of the claim to the DOL. Coots contested this finding and requested a hearing on the matter. Thereafter, an ALJ issued a Decision and Order, concluding that Coots's award of benefits on December 3, 1985, was properly categorized by the SSA and the DOL as a "Part C" award. This determination was affirmed by the Board. On appeal, Coots makes the argument that his award was a "Part B" award because the initial claim was filed on April 8, 1973, under Part B of the Act, so that his Black Lung benefits should not be considered "Workers' Compensation" for offset purposes under the SSA regulations.
 
 
 7
 This court has recognized that it must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). As an initial matter, this court concludes that Coots has standing to bring his claim before the DOL and before this court, on appeal. See Michigan v. United States, 994 F.2d 1197, 1203 (6th Cir.1993); American Fed. of State, County and Mun. Employees Local 506 v. Private Indus. Council, 942 F.2d 376, 378 (6th Cir.1991).
 
 
 8
 The sole issue before this court is whether the Black Lung benefits Coots is receiving were awarded under Part B or Part C of the Act. This court concludes that the ALJ properly applied 30 U.S.C. Sec. 935(a)(4) to find that the date Coots requested review of his claim was actually the date that he filed the claim for purposes of his award of benefits by the DOL. His election under Sec. 435 of the Reform Act caused his initial Part B claim to be converted into a Part C claim. Under the statutory scheme, it is irrelevant that the claim was eventually evaluated under Part 410 and Sec. 410.490 of the regulations. Thus, the ALJ's decision is supported by substantial evidence and is in accordance with the applicable law. See McCown v. Secretary of Health and Human Servs., 796 F.2d 151, 155 (6th Cir.1986), cert. denied, 479 U.S. 1037 (1987); Director, OWCP v. Goudy, 777 F.2d 1122, 1124-26 (6th Cir.1985).
 
 
 9
 Accordingly, the petition for review is denied.
 
 
 
 *
 The Honorable Donald P. Lay, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation