867 F.2d 611
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy E. BOGGS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR, Respondent,
 No. 87-4051.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1989.
 
 1
 Before MERRITT and RYAN, Circuit Judges, and NICHOLAS J. WALINSKI, District Judge*.
 
 
 2
 NICHOLAS J. WALINSKI, District Judge.
 
 
 3
 Petitioner, Roy E. Boggs ("Boggs") appeals from the Benefit Review Board's ("BRB") reversal of an administrative law judge's ("ALJ") order awarding Boggs benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. This appeal presents questions of whether substantial evidence supported the ALJ's conclusion and whether the ALJ and BRB erred in applying only the regulations in considering Boggs' application for benefits. For the following reasons, we reverse.
 
 I.
 
 4
 Boggs was born in 1910 and began working in the coal mines when he was eighteen years old. Boggs retired from the mines in 1976 at the age of sixty-five. Boggs is credited with twenty-eight years and one month of coal mine employment. Boggs stopped working in the mines because of breathing difficulties.
 
 
 5
 Boggs timely filed his application for black lung benefits on November 1, 1976. The Office of Workers' Compensation Programs denied Boggs' application on May 27, 1982. Boggs then requested, and received, a formal hearing.
 
 
 6
 After the hearing, the ALJ found that although Boggs' medical tests did not, under the Sec. 727 regulations,[1] create a presumption that he suffered from pneumoconiosis, the medical opinion of Boggs' physician was sufficient to invoke the Sec. 410.414(b)[2] presumption of pneumoconiosis. The medical report on which the ALJ primarily relied was prepared by Dr. Dan M. Daneshvari, a specialist in pulmonary and cardiovascular diseases. After conducting a physical examination, any electrocardiogram, a chest x-ray, a pulmonary function study, and an arterial blood gas analysis, Dr. Daneshvari stated that considering, among other things, Boggs' age and his chronic obstructive lung disease, Boggs is totally and permanently disabled to perform coal work or any comparable work.
 
 
 7
 Respondent, Director of the Office of Workers' Compensation Programs, United States Department of Labor ("Director'), appealed the award of benefits to the BRB. The Director asserted on appeal that under Sec. 410.414(b) age could not be considered in determining whether someone suffers from a totally disabling respiratory impairment, entitling that person to the presumption of pneumoconiosis. The Director then asserted that since Dr. Daneshvari's report mentions Boggs' age, Dr. Daneshvari's determination that Boggs suffers from a totally disabling respiratory impairment does not rest solely on Boggs' respiratory condition.
 
 
 8
 In reversing the ALJ's award of benefits, the BRB held that:
 
 
 9
 Age is a factor in consideration of a miner's total disability under [Sec. 410.426(d) ] only when the administrative law judge is analyzing the miner's ability to perform comparable and gainful work.... Kolesar v. The Youghiogheny & Ohio Coal Co., 7 BLR 2-210 (6th Cir.1985). Because Dr. Daneshvari's medical report, based in part on non-respiratory factors, e.g., claimant's age, fails to both separate out the cause of any disability and to indicate claimant suffered from a totally disabling respiratory impairment, it is insufficient to support a finding of total disability pursuant to Part 410.... There is no other medical evidence of record which would support a finding of total disability.
 
 
 10
 Boggs argues now that the BRB erred in reversing the ALJ's award of benefits because the award was based on his respiratory condition, not his age. Boggs further contends that it is proper, under the express language of Sec. 410.426(d), to consider age and other relevant evidence in determining whether a claimant is entitled to the statutory presumption of disability. Finally, Boggs asserts that both the ALJ and the BRB should have considered his claim under 30 U.S.C. Sec. 921(c)(4).
 
 II.
 
 11
 Our review of this case is limited to determining whether the outcome below was supported by substantial evidence, was rational, and was consistent with applicable law. York v. Benefits Review Board, 819 F.2d 134, 136 (6th Cir.1987). We will first consider Boggs' contention that age is an appropriate factor under Sec. 410.426(d) in determining whether a claimant has a totally disabling respiratory impairment. Boggs asserts that the case of Smith v. Califano, 682 F.2d 583 (6th Cir.1982) supports such a proposition.
 
 
 12
 In Smith, the plaintiff had worked in coal mines for fifteen years. While the plaintiff did not establish by ventilatory function studies or x-rays that he suffered from pneumoconiosis, "there was an abundance of evidence that he suffered from a disabling chronic respiratory or pulmonary impairment," id. at 586, including the medical opinions of various doctors. This court stated that "[t]he medical evidence, when examined in the light of Smith's age, education and work experience, is sufficient to establish his disability from pneumoconiosis. 20 C.F.R. Sec. 410.426(d)." Id. at 587.
 
 
 13
 Although Smith may be interpreted to state that age is an appropriate factor in determining whether a claimant suffers from a totally disabling respiratory ailment, other cases expressly reject that proposition. In Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728 (6th Cir.1985), the claimant had worked in underground mines for over fifteen years and was seeking benefits under the Black Lung Act. The claimant went through a comprehensive examination. The physician who conducted the exam concluded that "[b]ased upon x-rays, ventilation studies and arterial blood gas tests, ... the claimant's advanced age, rather than his respiratory condition, precluded claimant from performing his usual coal mine work." Id. at 729. This court, construing 20 C.F.R. Secs. 410.414(c), 410.426(d) and 410.426(e),[3] determined that under Sec. 410.426(d), "age is a factor to be considered when the issue presented is whether a coal miner's pneumoconiosis prevents him from doing comparable, gainful work" but it is not relevant in determining whether a miner can perform his usual coal mine work.
 
 
 14
 This determination is consistent with the definition of "other relevant evidence" found in Sec. 410.414(c), which may be used to establish a presumption of pneumoconiosis under Sec. 410.426(d). Section 410.414(c) defines other relevant evidence as "medical tests, such as blood gas studies, electrocardiogram, pulmonary function studies, or physicial performance tests, and any medical history [and] evidence submitted by the miner's physician...." Thus, the other relevant evidence to be considered is medical data and indicia concerning whether nor not the disease has manifested itself within the miner but which is not as probative as x-rays, ventilation studies, or arterial blood gas tests.
 
 
 15
 While the disease is progressive in nature, a claimant's advanced age is not medical evidence that the claimant actually suffers from pneumoconiosis. Once it has been established that a miner suffers from a chronic respiratory or pulmonary impairment under Sec. 410.426(d), and that impairment prevents him from performing his usual coal mine work, age may then be considered to determine whether the miner is totally disabled from pneumoconiosis by not being able to perform work comparable to coal mining. Therefore, we conclude that age is not an appropriate factor under Sec. 410.426(d) in determining whether a claimant has a chronic respiratory or pulmonary impairment.
 
 
 16
 Next, we must consider whether the BRB properly reversed the ALJ's award of benefits. After determining that age is to be considered under Sec. 410.426(d) only after finding that a claimant has a chronic respiratory or pulmonary impairment which prevents him from doing his prior coal work, the BRB held Dr. Daneshvari's report to be insufficient to support a finding of total disability. The BRB stated that
 
 
 17
 [b]ecause Dr. Daneshvari's medical report, based in part on non-respiratory factors, e.g., claimant's age, fails to both separate out the cause of any disability and to indicate claimant suffered from a totally disabling respiratory impairment it is insufficient to support a finding of total disability pursuant to Part 410.
 
 
 18
 Boggs asserts, however, that his age "clearly was not a determining factor as to [his] respiratory distress and disability" and that the sole basis for his disability is chronic industrial bronchitis. Brief for Petitioner at 10-11.
 
 
 19
 Dr. Daneshvari's report reads, in pertinent part:
 
 
 20
 Mr. Boggs spent approximately 40 years in the coal industry, and he has been exposed to different air pollutants such as coal dust and silica. He presents evidence of chronic obstructive lung disease of a moderate degree, which in this instance is primarily chronic industrial bronchitis, and directly related to the exposure of coal dust and other air pollutants, and he has not been smoking cigarettes for 30 years. Prior to that, his smoking was only an average of half a pack a day, which could not have any reflection on the present chronic obstructive pulmonary disease. Despite the fact that the radiographical findings are not typical of coal workers' pneumoconiosis, he does have some fibrotic infiltration, and some nodulations which is consistent with the exposure for so many years to air pollutants, and also his chronic industrial bronchitis.
 
 
 21
 Considering this man's age of 71, being moderately short of breath on mild physical exertion clinically, the presence of moderate chronic obstructive lung disease, which in his case is chronic industrial bronchitis, this makes him totally and permanently disabled as a coal worker, or any comparable type of job, and this man's present disability and respiratory distress are directly related to his occupational exposure.
 
 
 22
 Dr. Daneshvari's report makes it clear that Dr. Daneshvari did not consider Boggs' age in determining that Boggs has chronic industrial bronchitis. Dr. Daneshvari did briefly consider Boggs' age, however, in concluding that Boggs is "totally and permanently disabled as a coal worker, or any comparable type of job...." While age may be considered in determining whether Boggs can perform comparable work, it may not be considered in determining whether Boggs can perform his coal mine work.
 
 
 23
 However, we do not believe that this is a fatal flaw in Dr. Daneshvari's medical report. Throughout Dr. Daneshvari's report, he discusses, in detail, Boggs' respiratory problems. Dr. Daneshvari clearly defines the nature of Boggs' chronic respiratory ailment, industrial bronchitis, and details how he believes Boggs developed it. It appears that Dr. Daneshvari mentioned Boggs' age in his summation as an afterthought, not as a significant factor in determining that Boggs' bronchitis prevents him from performing coal mine work. Therefore, although age may not be considered in determining whether Boggs can perform his coal mine work, it is not impermissible for a medical report to briefly refer to the miner's age.
 
 
 24
 Furthermore, merely because Dr. Daneshvari's medical report can support two conclusions, one permissible and the other impermissible under Sec. 410.426(d), that does not mean that the whole report must be disregarded.[4] Accordingly, we find that the ALJ's findings of fact and conclusions of law are supported by substantial evidence, are rational, and are consistent with applicable law. The BRB erred in reversing the ALJ's finding of entitlement. Because it will not affect the outcome of this case, we will not address the issue of whether the ALJ and BRB should have considered Boggs' claim under the language of 30 U.S.C. Sec. 921(c)(4).
 
 
 25
 For the foregoing reasons, the judgment of the BRB is REVERSED and the judgment of the ALJ is AFFIRMED and reinstated.
 
 
 26
 RYAN, Circuit Judge, dissenting.
 
 
 27
 I respectfully dissent. The majority opinion purports to affirm the ALJ's decision as supported by substantial evidence; yet the majority makes a key factual finding contrary to that of the ALJ. The majority reviews the language of Dr. Daneshvari's report and finds that the report may be fairly read merely to refer to, not to rely on, petitioner's age in concluding that petitioner was totally disabled. But this reading contradicts that of the ALJ, who found that "Dr. Daneshvari's opinion does not provide a basis for assessing Claimant's ability to perform his usual coal mine work due to respiratory factors alone" because the opinion considered petitioner's age, which "is a nonrespiratory factor and may not be considered in determining whether a miner is able to perform his usual coal mine work."
 
 
 28
 In my judgment, the ALJ's finding that Dr. Daneshvari's report "does not provide a basis for assessing Claimant's ability to perform his usual coal mine work due to respiratory factors alone" because it is based in part on Boggs's age is supported by substantial evidence--indeed the majority recognizes that this is a supportable reading of Dr. Daneshvari's report. That the majority would have drawn a different inference from the report had it decided the case de novo is irrelevant.
 
 
 29
 Determinations of whether a physician's report is sufficiently documented and reasoned is a credibility matter left to the trier of fact. Similarly, the trier of fact determines the weight to be accorded to the evidence. Moreover, a reviewing court may not set aside an inference because it finds another more reasonable.
 
 
 30
 Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir.1985) (emphasis added; citations omitted).
 
 
 31
 However, the ALJ erred in its application of the law by reliance on Smith v. Califano, 682 F.2d 583 (6th Cir.1982). As the majority notes, Smith should not be read to mean that age is an appropriate factor in determining whether a claimant suffers from a totally disabling respiratory ailment. Age may be considered only in determining whether a miner is disabled from performing comparable, gainful work after it has been determined that the miner's respiratory impairment disables him from performing his usual coal mine work. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728 (6th Cir.1985).
 
 
 32
 Because the decision of the Benefits Review Board relies on Kolesar and correctly recognizes that age may be a factor in the determination of total disability only in analyzing a miner's ability to perform comparable and gainful work, I would affirm that decision.[1]
 
 
 33
 MERRITT, Circuit Judge, concurring.
 
 
 34
 Daneshvari's report closes with a highly compressed summation:
 
 
 35
 Considering this man's age of 71, being moderately short of breath on mild physical exertion clinically, the presence of moderate chronic obstructive lung disease, which in his case is chronic industrial bronchitis, this makes him totally and permanently disabled as a coal worker, or any comparable type of job, and this man's present disability and respiratory distress are directly related to his occupational exposure.
 
 
 36
 According to the structure and syntax of the sentence, Boggs' age is a factor simply in determining that he was moderately short of breath in the clinical exercise. Note that Daneshvari says "this makes him totally and permanently disabled": the singular pronoun properly refers only to a singular antecedent, "chronic obstructive lung disease, which in his case is chronic industrial bronchitis." Both the ALJ and the Secretary read the sentence against its structure, taking the short initial phrase to modify a conclusion four phrases later and taking "this" to mean "these." This ungrammatical, illogical and forced reading is the only way to construe the report to make Boggs' age a factor in determining his ability to do his usual coal mine work.
 
 
 37
 To use the ALJ's and the Board's reading of this one phrase in an ungrammatical way in complete disregard of the syntax and of the rest of the report is irrational. We are not bound, by the limits on our review, to let pass such reasonless and capricious misreadings. For this reason, I concur in Judge Walinski's opinion.
 
 
 
 *
 The Honorable Nicholas J. Walinski, Senior United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 20 C.F.R. Sec. 727.203 provides in relevant part; Sec. 727.203 Interim presumption
 (a) Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of death, or death will be presumed to be due to pneumoconiosis arising out of that employment, if one of the following medical requirements is met:
 * * *
 (4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment;
 
 
 [2]
 Under 20 C.F.R. Sec. 410.414(b), where a miner with 15 or more years of coal mine employment demonstrates a totally disabling respiratory impairment, it may be presumed that the miner is totally disabled due to pneumoconiosis. The standards for determining whether a totally disabling respiratory impairment has been established are set forth at 20 C.F.R. Secs. 410.412, 410.422 and 410.426
 
 
 [3]
 Kolesar addressed the age issue under 20 C.F.R. Sec. 727.203(b)(2) which provides for rebuttal of the 20 C.F.R. Sec. 727.203(a) presumption of entitlement where it is established that the miner is able to do his usual coal mine work or comparable and gainful work. Section 727.203(b)(2) cross-references 20 C.F.R. Sec. 410.412(a)(1), which in turn cross-references 20 C.F.R. Secs. 410.424 through 410.426. Thus, the court specifically addressed 20 C.F.R. Sec. 410.426(d) in Kolesar
 
 
 [4]
 This court itself has made statements from which both permissible and impermissible conclusions can be drawn. See Smith, 682 F.2d at 587 ("The medical evidence, when examined in the light of Smith's age, education and work experience, is sufficient to establish his disability from pneumoconiosis. 20 C.F.R. Sec. 410.426(d).")
 
 
 [1]
 I would reject Boggs's argument that he is entitled to consideration of his claim under the statutory language of 30 U.S.C. Sec. 921(c)(4) because his claim was properly considered under the implementing regulatory provisions. In none of the cases cited by Boggs was a claimant allowed consideration of his claim under both the statutory language of Sec. 921(c)(4) and its permanent implementing regulatory provisions