976 F.2d 733
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack R. BLANKENSHIP, Petitioner,
v.
KENTUCKY CARBON CORPORATION; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 91-3995.
 United States Court of Appeals, Sixth Circuit.
 Sept. 9, 1992.
 
 On Review of a Decision of the Benefits Review Board, No. 90-1985 BLH.
 Ben.Rev.Bd.
 AFFIRMED.
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and HULL, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Claimant Jack R. Blankenship appeals the Benefits Review Board's decision to deny black lung benefits. We affirm.
 
 
 2
 To establish eligibility for benefits under the Part 718 regulations applicable to this case, a miner must prove:
 
 
 3
 (1) that he suffers from pneumoconiosis;
 
 
 4
 (2) that his pneumoconiosis arose at least in part out of his coal mine employment; and
 
 
 5
 (3) that he is totally disabled by pneumoconiosis [i.e., that the claimant is prevented from performing his usual coal mine work, or comparable and gainful employment].
 
 
 6
 20 C.F.R. §§ 718.2, 718.202-718.205. See also Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989).
 
 
 7
 The only issue for our consideration is whether the ALJ's determination that claimant had not established his total disability due to pneumoconiosis is supported by substantial evidence. There is no dispute, for purposes of this appeal, that the claimant suffers from pneumoconiosis attributable to his coal mine employment. Claimant established by x-ray evidence that he suffered from at least simple pneumoconiosis, and that the condition was, by presumption, attributable to mining. The ALJ, however, found that claimant had failed to establish that the pneumoconiosis totally disabled him from performing his usual coal mine work or comparable work.
 
 
 8
 This court reviews the decisions below only to decide whether they are supported by substantial evidence and in accordance with applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). "Substantial evidence" is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. Id. The standards of review for the Benefits Review Board and this court are the same. Welch v. Benefits Review Bd., 808 F.2d 443, 445 (6th Cir.1986) (per curiam). We therefore focus on whether the ALJ--not the Board--had substantial evidence on which to base his or her decision. See Zimmerman v. Director, OWCP, 871 F.2d 564, 567 (6th Cir.1989).
 
 
 9
 The record contained six pulmonary function studies dated January 25, 1983, July 11, 1984, July 27, 1984, September 12, 1984, March 21, 1989, and April 3, 1989. Of these six tests, the third, fifth, and sixth yielded "qualifying" results, that is, results equal to or less than the appropriate values set forth at 20 C.F.R. Part 718, Appendix B, and entitling claimant to a presumption of total disability under 20 C.F.R. § 718.204(c)(1). The ALJ did not credit the qualifying studies, however, citing the opinions of several pulmonary specialists that the results were invalid. Claimant assigns error to the ALJ's rejection of the results of the three qualifying pulmonary tests, any one of which, if accepted, would have established total disability by presumption under section 718.204(c)(1).
 
 
 10
 The July 1984 test, administered by a pulmonary specialist, was not credited because only "fair" effort by claimant was noted by the administering physician and a later test in September 1984 showed dramatically improved, nonqualifying results, thereby placing the validity of the earlier test in doubt. Next, the March 21, 1989 pulmonary function study, also yielding qualifying results, was discredited by the ALJ based on the administering physicians's failure to note claimant's effort and level of cooperation in taking the test and on the opinions of three pulmonary specialists, each of whom asserted that the test results were invalid for reasons of inconsistency and lack of effort. Finally, the April 3, 1989 test, which also led to qualifying results and to which the administering physician noted that claimant had exerted his "best efforts," was similarly discredited based on the statements of three pulmonary specialists, each of whom opined that the results were invalid due to evidence of less than optimal effort and the fact that the results were disproportionately lower than the results of the test just two weeks prior.
 
 
 11
 An ALJ may properly discredit the results of flawed pulmonary function studies. See Fife v. Director, OWCP, 888 F.2d 365, 368-69 (6th Cir.1989) (per curiam). Moreover, the qualifications of the physicians are important in weighing their opinions. See Sexton v. Director, OWCP, 752 F.2d 213, 215-16 (6th Cir.1985). In this case, ventilatory test results fluctuated, some establishing disability if credited, others producing contrary results. The inconsistencies were resolved against claimant based on various opinions and other evidence suggesting that claimant did not always give an optimal effort in his pulmonary function tests. This decision was based on reports in the record and adequately explained by the ALJ. We are satisfied that the ALJ's determination is supported by substantial evidence.
 
 
 12
 Claimant also assigns error to the ALJ's failure to credit the medical opinions of at least two physicians indicating that claimant was disabled due to pneumoconiosis and which, if credited, might have established total disability under section 718.204(c)(4). It is the ALJ's function as factfinder to make the determination of whether an opinion is reasoned based on validity of the supporting evidence and reasoning. Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir.1983). We defer to the ALJ's determinations of credibility and resolutions of inconsistencies, including the weight to be assigned physicians' opinions. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam). In this case, the ALJ did not act arbitrarily, as suggested by claimant, but instead based his decision on reflective analysis of conflicting evidence and opinions. The tests relied on by claimant, and which formed the much of the foundation for the physicians' opinions, were subject to reasoned criticism by pulmonary experts. Several specialists also concluded, after examining claimant, that he had little, or at best mild, respiratory impairment and that he was not disabled from performing his usual coal mine work. The ALJ's conclusion, in light of this evidence, was reasonable and supported by substantial evidence.
 
 
 13
 For all of these reasons, the Benefits Review Board's denial of Blankenship's claim for black lung benefits is AFFIRMED.
 
 
 
 *
 The Honorable Thomas G. Hull, United States District Judge for the Eastern District of Tennessee, sitting by designation