1 F.3d 1241
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pearl JACKSON, Petitioner-Appellant,
v.
NORTH AMERICAN COAL CORPORATION; Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondent-Appellees.
 No. 93-3958.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1993.
 
 Before: KEITH and RYAN, Circuit Judges; and JOINER, Senior District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Petitioner Pearl Jackson appeals the Department of Labor's decision to deny survivor's benefits under the Black Lung Benefits Survivors Act, 30 U.S.C. Secs. 901 et seq. The issue on appeal is whether the Department's determination that pneumoconiosis did not substantially contribute to the death of Pearl Jackson's husband is supported by substantial evidence.
 
 
 2
 Finding that substantial evidence supports the Department's determination, we shall affirm.
 
 I.
 
 3
 Petitioner Pearl Jackson is the widow of miner James Jackson, who died on March 4, 1986. Mr. Jackson, born August 5, 1920, worked in the coal mines for 35 years. Prior to his death, Jackson developed significant heart problems and suffered from pneumoconiosis. He had applied for black lung benefits in April 1976, but his claim was denied. After his death, his wife applied for survivor's benefits with the Department of Labor. The Department made an initial finding that Pearl Jackson was entitled to benefits but subsequently denied her claim after further investigation and after defendant North American Coal Corporation contested the Department's decision. Pearl Jackson requested and received a formal hearing before an Administrative Law Judge. The ALJ denied benefits on October 30, 1989, and the Benefits Review Board affirmed the ALJ's decision. Pearl Jackson filed a timely petition for review with this court as required under 33 U.S.C. Sec. 921(c).
 
 
 4
 The medical evidence submitted to the ALJ included the medical reports that James Jackson submitted when he first applied for black lung benefits in 1976. Several doctors who had examined Jackson in the late 1970s diagnosed him with arteriosclerotic heart disease as well as mild, but not disabling, coal workers' pneumoconiosis.
 
 
 5
 Pearl Jackson also submitted more recent medical evidence, including reports from Dr. Howard Sauder, Jackson's treating physician. Dr. Sauder completed the death certificate and concluded that Jackson's sudden death was due to "ventricular fibrillation, concentric hypertrophy of the left ventricle, and moderate coronary artery disease." In addition, Dr. Sauder concluded that coal workers' pneumoconiosis was another "significant condition."
 
 
 6
 Dr. Norman Franklin performed the autopsy on March 5, 1986. His final diagnosis was left and right ventricle hypertrophy, and simple coal workers' pneumoconiosis. Dr. Franklin stated in a letter that, although he would need more clinical history than he presently had, the records he reviewed suggested that the pneumoconiosis was not a significant factor in Jackson's death. Dr. Franklin eventually supplemented his earlier autopsy report and concluded it was highly probable that Jackson's pneumoconiosis arose from coal mine employment. He could not determine, with any degree of medical certainty, however, whether Jackson's death was secondary to coal workers' pneumoconiosis.
 
 
 7
 Dr. Sauder reviewed Dr. Franklin's autopsy materials, and concluded that Jackson had pulmonary hypertension, which reflected his chronic pulmonary disease and pneumoconiosis. According to Dr. Sauder, Jackson's death "could indeed have been contributed to by his coal miner's pneumoconiosis." Dr. Sauder updated his medical opinion and stated that Jackson had simple pneumoconiosis, moderate to marked, with changes suggesting anthrasilicosis. He concluded that Jackson was totally disabled, but that part of his disability was related to the heart disease. He noted that, with the combination of the right ventricular hypertrophy and pulmonary hypertension, there was an increased chance of sudden death, and pneumoconiosis "could" have contributed to Jackson's sudden death.
 
 
 8
 Dr. Geoffrey Mendelsohn, a consulting physician for U.S. Steel, reviewed the medical evidence and opined that Jackson had a long history of hypertension and heart disease, with simple coal workers' pneumoconiosis and chronic obstructive lung disease, secondary to a long history of cigarette smoking (40 years). Dr. Mendelsohn concluded that Jackson died suddenly as a result of cardiac arrhythmia and that smoking contributed to Jackson's lung disease. He concluded that pneumoconiosis was not responsible for Jackson's death, and that pneumoconiosis did not contribute significantly to his cardiac disease.
 
 
 9
 The ALJ concluded that none of the medical evidence established that Jackson's death was due to pneumoconiosis; rather, the major disabling factor was Jackson's heart disease. Because none of the doctors could make a finding with any medical certainty that pneumoconiosis contributed to the miner's death, the ALJ concluded that Pearl Jackson failed to meet her burden of proof and denied benefits.
 
 II.
 
 10
 Pearl Jackson argues that the ALJ did not give appropriate weight to the autopsy report and the findings and opinions of Dr. Sauder, the treating physician. She also argues that the ALJ attributed little, if any, weight to her testimony and that her testimony "should be given great weight as she was most acutely aware of the condition of the health of her husband." Defendant North American Coal Corporation argues that substantial evidence supports the ALJ's determination and that no weight need be given to Pearl Jackson's testimony as she could not give a medical opinion as to the cause of death. The Department of Labor also argues that substantial evidence supports the ALJ's findings.[1]
 
 
 11
 This court reviews a decision of the Benefits Review Board and the ALJ only to decide whether the decision is supported by substantial evidence and to determine whether it is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Id. Given our limited scope of review, as long as the ALJ has carefully considered all of the evidence, we cannot substitute our own judgment for that of the ALJ. See Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989).
 
 
 12
 The Black Lung Benefits Act provides compensation for disability to miners due to pneumoconiosis arising out of coal mine employment. See 30 U.S.C. Sec. 901(a). Pearl Jackson is entitled to benefits under the Black Lung Benefits Act as Mr. Jackson's survivor only if she can demonstrate that Jackson's death was due to pneumoconiosis. Id.; 20 C.F.R. Secs. 718.205(a) and 725.1(h)(5). To establish that pneumoconiosis contributed to her husband's death, Pearl Jackson must show either:
 
 
 13
 1) competent medical evidence establishing that the miner's death was due to pneumoconiosis; or
 
 
 14
 2) pneumoconiosis was a substantially contributing cause or factor leading to the miner's death or death was caused by complications from pneumoconiosis; or
 
 
 15
 3) the presumptions set forth at 20 C.F.R. Sec. 718.304 are applicable;
 
 
 16
 4) however, survivors are not eligible for benefits where the miner's death was caused by traumatic injury or a principal cause of death was a medical condition not related to pneumoconiosis, unless pneumoconiosis was a substantially contributing cause of death.
 
 
 17
 See 20 C.F.R. Sec. 718.205(c). According to Pearl Jackson, the ALJ improperly found that pneumoconiosis was not a "substantially contributing cause" of her husband's death. See 20 C.F.R. Sec. 718.205(c)(2).
 
 
 18
 The Director of the Office of Workers' Compensation Programs (OWCP), who is the administrator of the federal black lung program, interprets "substantially contributing cause" as requiring survivors to show pneumoconiosis had a "real and tangible effect in causing death," that is, "the disease must have made an actual, verifiable difference in some way, such as by hastening death." This circuit recently issued a decision on the proper interpretation of the "substantially contributing cause" language of section 718.205(c)(2) and adopted the Director's position:
 
 
 19
 [Pneumoconiosis] will be found to be a "substantially contributing cause or factor" of a miner's death in a case in which it has actually hastened his death. As the [Third Circuit][2] held, the regulatory language "substantially contributing cause" encompasses the situation where pneumoconiosis actually hastens a miner's death.
 
 
 20
 Brown v. Rock Creek Mining Co., No. 92-3496, slip op. at 7 (6th Cir. June 14, 1993) (footnote added).
 
 
 21
 Applying this standard, we agree with the Department of Labor that the medical evidence presented to the ALJ is too equivocal to establish that pneumoconiosis caused Jackson's death. Drs. Sauder, Franklin, and Mendelsohn all concluded that Jackson died of heart disease, and all agreed that he had simple pneumoconiosis. None of these doctors concluded that pneumonoconiosis contributed to Jackson's death. Dr. Sauder stated that pneumoconiosis "could" have contributed to the miner's death, but his reports are inconclusive. Dr. Franklin did not believe pneumoconiosis was a significant factor in Jackson's death, and Dr. Mendelsohn concluded that the pneumoconiosis did not cause Jackson's death or significantly contribute to his cardiac disease. A reasonable mind could accept such evidence as adequate to support the ALJ's conclusion that Pearl Jackson failed to establish that pneumoconiosis substantially contributed to her husband's death. Therefore, substantial evidence supports the ALJ's determination.
 
 III.
 
 22
 Because we conclude that the Department's findings of fact and conclusions of law are supported by substantial evidence, are rational, and are consistent with applicable law, we AFFIRM the decision of the Benefits Review Board.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The Department of Labor also asks that this court take this opportunity to establish the legal standard a claimant must meet when attempting to establish that pneumoconiosis "substantially contributed" to a miner's death under 20 C.F.R. Sec. 718.205(c)(2). Shortly after oral argument was heard in this case, this circuit adopted the Director's interpretation of the phrase "substantially contributed" in Brown v. Rock Creek Mining Co., No. 92-3496 (6th Cir. June 14, 1993)
 
 
 [2]
 Lukosevicz v. Director, OWCP, 888 F.2d 1001, 1006 (3d Cir.1989)