961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Green HALL, Petitioner,
v.
GALA ENTERPRISES, INC.; Old Republic Insurance Companies;
Director, OWCP, Respondents.
 No. 91-4092.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1992.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WOODS, District Judge.*
 
 ORDER
 
 2
 Green Hall petitions, pro se, for review of the Benefits Review Board's (BRB) decision affirming the denial of benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hall first filed for black lung benefits on May 1, 1979, which claim was administratively denied on August 7, 1979. Hall again applied for benefits on December 20, 1982, which second claim was denied on April 18, 1983. After denial of these claims, Hall took no further action until he filed a third claim in April of 1986. After the United States Department of Labor (DOL) administratively denied Hall's third claim for benefits, Hall requested a hearing before an Administrative Law Judge (ALJ), which took place on January 7, 1988. On September 29, 1989, the ALJ issued a decision and order denying benefits, which decision was upheld by the BRB. On appeal to this court, Hall argues only that the ALJ failed to consider the medical evidence of record that is in his favor, specifically medical reports by Drs. Clarke and Meyers.
 
 
 4
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP, DOL v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 5
 The record shows that the ALJ and BRB applied the correct law in this case, specifically 20 C.F.R. § 725.309(d), which provides, in pertinent part:
 
 
 6
 In the case of a claimant who filed more than one claim for benefits under this part, the later claim shall be merged with the earlier claim for all purposes if the earlier claim is still pending. If the earlier miner's claim has been finally denied, the later claim shall also be denied, on the grounds of the prior denial, unless the deputy commissioner determines that there has been a material change in conditions or the later claim is a request for modification and the requirements of § 725.310 are met.
 
 
 7
 Section 725.310 allows modification of a denial only up to one year after the initial denial. Id. § 725.310(a). Because Hall abandoned his first two claims and did not appeal them either to the deputy commissioner or to an ALJ within one year of the date they were finally denied, § 725.309(d) is applicable to the claim now on appeal.
 
 
 8
 The purpose of § 725.309(d), in accordance with congressional intent, is to provide relief from the ordinary principles of finality and res judicata to any miner whose physical condition deteriorates due to the progressive nature of black lung disease. Lukman v. Director, OWCP, DOL, 896 F.2d 1248, 1253 (10th Cir.1990). A thorough review of the record reveals that the ALJ completely and accurately described all relevant evidence, as set forth in his decision and order issued September 29, 1989, with the exception of a one-page report by Dr. Ellen Joyce and one non-qualifying blood gas study. However, the omission of this evidence was harmless error, as these reports relate to the miner's physical condition at the time he filed his original application for benefits, rather than to his condition at the time he filed his third application. For this reason, they could not support a finding that there was a "material change" in his condition from the time his first and second applications were denied in 1979 and 1983, respectively, until the time he filed his third application in 1985.
 
 
 9
 The additional evidence submitted by Hall to support his argument that a material change in his condition has taken place does not support a finding that he now suffers from pneumoconiosis or is totally disabled from that disease. The ALJ properly weighed all evidence of record and his decision that no material change has occurred is supported by substantial evidence. The presence of pneumoconiosis has not yet been shown and the claimant has not met his burden that he has become totally disabled from any pulmonary disease relating to his past coal mine employment.
 
 
 10
 Accordingly, Hall's petition is denied, and the BRB's order denying benefits is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation