4 F.3d 993
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pauline HAMLIN, (Widow of Richard R. Hamlin), Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 93-3346.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1993.
 
 1
 BRB, No. 92-0640 BLA.
 
 
 2
 Ben.Rev.Bd.
 
 
 3
 AFFIRMED.
 
 
 4
 BEFORE: JONES and NORRIS, Circuit Judges, and CLELAND, District Judge.*
 
 ORDER
 
 5
 Pauline Hamlin, pro se, petitions for review of the Benefits Review Board's (BRB) decision denying her benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The claimant filed for benefits on the basis of the coal mining employment of her deceased husband, Richard R. Hamlin, who the record shows worked in the mines for nineteen years.
 
 
 6
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 7
 Richard Hamlin died on July 10, 1988. Mrs. Hamlin filed her claim for benefits on August 11, 1988. The claim was denied several times by the Department of Labor and, eventually, the case was heard by an Administrative Law Judge (ALJ), on January 2, 1990. Thereafter, the ALJ issued a Decision and Order Denying Benefits. The ALJ concluded that the X-ray evidence established the existence of pneumoconiosis, pursuant to 20 C.F.R. Sec. 718.202(a)(1). However, the ALJ also concluded that Mrs. Hamlin was unable to meet her burden of proof that her husband had died due to this disease, as required to be entitled to benefits under Sec. 718.205.
 
 
 8
 On appeal to the BRB, the Board agreed that Mrs. Hamlin had not met her burden of establishing that the miner's death was due to pneumoconiosis. Accordingly, the denial of benefits was affirmed. On appeal to this court, the claimant argues that the ALJ failed to consider her husband's length of coal mining employment and the time that he spent in underground mining. Further, Mrs. Hamlin argues that she does not have to prove that the miner died from pneumoconiosis, but must only show that pneumoconiosis was a "contributing factor" to his death. She contends that the death certificate indicating that death was due to respiratory failure, when viewed along with the positive X-rays, constitute sufficient evidence to meet this burden of proof.
 
 
 9
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 10
 Because Mrs. Hamlin is a surviving spouse who filed her claim after January 1, 1982, the ALJ and BRB were correct in analyzing her claim under 20 C.F.R. Sec. 718.1(a). This section requires a survivor to establish that the miner's death was due to pneumoconiosis. The regulations provide that death will be considered "due to" pneumoconiosis where: 1) competent medical evidence establishes that the miner's death was due to pneumoconiosis; 2) pneumoconiosis was a substantially contributing cause or factor leading to the miner's death, or *death was caused by complications of pneumoconiosis; or 3) the presumption set forth in Sec. 718.304 is applicable.
 
 
 11
 Because no complicated pneumoconiosis was described in the record, and because Mrs. Hamlin's claim was filed after January 1, 1982, she cannot benefit from the presumptions provided for in Secs. 718.304, 718.305 or 718.306. However, the ALJ appropriately found equally probative X-ray evidence, allowing a finding of pneumoconiosis under 20 C.F.R. Sec. 718.202(a)(1). Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 154 n. 29 (1987); Skukan v. Consolidation Coal Co., No. 92-3281, 1993 U.S.App.LEXIS 11350, at * 28 (6th Cir. May 18, 1993) (court upheld application of "true doubt" rule to equally probative evidence); Conley v. Roberts & Schaefer Co., 7 BLR 1-309 (1984).
 
 
 12
 Nevertheless, the ALJ properly found the evidence insufficient to meet the survivor's burden of proving that the miner's death was "due to pneumoconiosis" under Secs. 718.205(c)(1) and (c)(2). Although the death certificate of record mentions respiratory failure, pneumoconiosis is not included anywhere on that certificate. Moreover, a letter in the record from Hamlin's home health nurse, who cared for him until the time of his death, does not mention pneumoconiosis or that any of his respiratory difficulties were due to that disease. Lastly, we are persuaded that a claimant for survivor's benefits who cannot show that death was due to pneumoconiosis cannot prevail, regardless of the length of coal mine employment. Ward v. Director, OWCP, No. 89-3517, 1990 U.S.App.LEXIS 2744, at * 13 (6th Cir. February 26, 1990) (per curiam) (unpublished). Because the survivor in this case has not met her burden of proof under the regulations, benefits were properly denied.
 
 
 13
 Accordingly, the petition for review is hereby denied, and the BRB's order affirming the denial of benefits is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, U.S. District Judge for the Eastern District of Michigan, sitting by designation