19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Floyd ZENDE, Petitioner,
v.
BOICH COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-4050.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1994.
 
 Before: MERRITT, Chief Judge; GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Floyd Zende, pro se, petitions for review of the Benefits Review Board's (BRB) decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This claimant filed his application for Black Lung benefits on September 20, 1989. After consideration of the evidence submitted to the District Director (formerly called the "Deputy Commissioner" under the regulations), the Department of Labor (DOL) denied Zende's claim by letter dated January 24, 1990. This letter specifically notified Zende that if he did not take any action within sixty days of the letter, his claim would be considered abandoned and the denial would become final. This notification was sent pursuant to 20 C.F.R. Sec. 725.410(c).
 
 
 3
 Zende did not reply to the DOL, but, instead, wrote a letter to the Ohio Department of Health asking for advice regarding the DOL's denial of his Black Lung claim. On April 9, 1990, Zende then wrote to the DOL, requesting advice as to his "rights and justice towards an appeal of this case." A claims examiner for the DOL replied to Zende, explaining to him that, because he did not take action within the sixty-day period allowed by the regulations, he must show "good cause" for not appealing within that statutory period. In response, Zende supplied the letter that he had written to the Ohio Department of Labor, which letter the Deputy Commissioner found sufficient to show "good cause" for his late appeal.
 
 
 4
 Thereafter, the case was referred to an Administrative Law Judge (ALJ) for a formal hearing. The ALJ denied a preliminary motion to dismiss on the basis that the claimant had failed to timely appeal the District Director's January 24, 1990, denial of his claim. After a full hearing was held on the merits, the ALJ issued a Decision and Order Denying Benefits. The BRB affirmed this decision as supported by substantial evidence. On appeal, Zende argues that the ALJ failed to adequately consider the positive x-ray evidence and the fact that his family doctor, who treated him most often, was a family doctor, and not a "Black Lung" doctor.
 
 
 5
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Skukan v. Consolidation Coal Co., 993 F.2d 1228, 1231 (6th Cir.1993); Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985). Moreover, this court may affirm the decision of the Board on grounds other than those stated by the Board, when the decision does not involve administrative policy-making. Quarto Mining, 901 F.2d at 536.
 
 
 6
 A Black Lung claimant must, within sixty days from the mailing of a notice that the District Director has denied a claim, either submit new evidence or request a hearing. See 20 C.F.R. Sec. 725.410(c). If a claimant fails to respond within that time period, the claim will be considered denied by reason of abandonment. 20 C.F.R. Secs. 725.409, 725.410(c)(1). This court has held that the parties must strictly adhere to the procedural requirements of the Act and that, although certain requirements may seem harsh to individual claimants, the regulations further the goal of providing claimants with a just, efficient and final resolution of Black Lung benefit claims at the agency level. Jordan v. Director, OWCP, 892 F.2d 482, 486-87 (6th Cir.1989). This court has also held that a District Director may grant a request for a hearing only when the request is submitted within sixty days of the notice of non-eligibility and may extend this time frame only when an application for an extension is submitted prior to the expiration of the sixty-day period. Trent v. South East Coal Co., No. 90-3993, 1991 U.S.App. LEXIS 17710, at * 5-6 (6th Cir. July 24, 1991) (per curiam) (unpublished).
 
 
 7
 In this case, the District Director acted outside of his authority in finding good cause to extend the time for requesting a hearing under Sec. 725.410(c). Therefore, Zende abandoned his right to appeal the District Director's decision when Zende did not make a timely request for review.
 
 
 8
 Accordingly, the petition for review is hereby denied. Rule 9(b)(3), Rules of the Sixth Circuit.