19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carroll K. RUNYON, Petitioner,
v.
ISLAND CREEK COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-4170.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1994.
 
 1
 Before: KEITH and BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Carroll K. Runyon, pro se, petitions for review of the Benefits Review Board's (BRB) decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This claimant filed his application for Black Lung benefits in August of 1987. The District Director of the Department of Labor denied Runyon's claim on January 28, 1988, and, again, on September 21, 1989. The claim was referred to the Office of Administrative Law Judges for a formal hearing, which took place on May 16, 1991. Thereafter, an Administrative Law Judge (ALJ) issued a Decision and Order Denying Benefits on the basis that Runyon could not establish that he suffered from pneumoconiosis under Part 718 of the Black Lung regulations. The BRB affirmed that decision as supported by substantial evidence.
 
 
 4
 On appeal, Runyon argues that the ALJ failed to consider "medical evidence of a severe breathing problem caused by years of work in the coal industry." Runyon also states that, contrary to the ALJ's findings, he has not smoked in approximately eighteen years and that his breathing problems are due to his exposure in the mines, rather than a result of chronic obstructive pulmonary disease caused by cigarette smoking. Runyon also requests the appointment of counsel and requests leave to proceed without prepayment of filing fees.
 
 
 5
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Skukan v. Consolidation Coal Co., 993 F.2d 1228, 1231 (6th Cir.1993), pet. for cert. filed (Dec. 17, 1993); Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 6
 Runyon's request to proceed without the prepayment of filing fees has been rendered moot by the court's waiver of the fees on appeal. A thorough review of the administrative record reveals that the ALJ, in his Decision and Order, sufficiently and adequately summarized all relevant medical evidence submitted by the parties, with the exception of two negative x-rays submitted by the employer. Moreover, the employer and claimant entered into a Joint Stipulation of Medical Evidence, which evidence was relied upon by the ALJ in making his determination that Runyon had failed to prove the existence of pneumoconiosis. Because the two omitted x-rays were negative, as were all of the remaining x-rays of record, the omission of these x-rays was of no consequence to the ALJ's ultimate findings.
 
 
 7
 Because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed the claim under Part 718 of the regulations. 20 C.F.R. Sec. 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under this part, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 8
 The ALJ considered each x-ray of record and found that this evidence did not support a finding of pneumoconiosis pursuant to Sec. 718.202(a)(1). This determination is supported by substantial evidence. Likewise, the ALJ properly found a lack of evidence to support a finding of pneumoconiosis under Sec. 718.202(a)(2), because the record contains no biopsy evidence. Next, the ALJ considered the criteria for benefits under Secs. 718.304, 718.305 and 718.306, and appropriately found that none of the presumptions provided therein were applicable to this particular claim.
 
 
 9
 The ALJ found that Runyon failed to establish the existence of pneumoconiosis pursuant to Sec. 718.202(a)(4). Because both physicians' opinions of record attributed Runyon's chronic obstructive pulmonary disease to his past history of cigarette smoking, this finding is also supported by substantial evidence. There is no medical evidence that any respiratory disease from which Runyon now suffers is related to or was aggravated by dust exposure during his coal mine employment.
 
 
 10
 Accordingly, Runyon's request for the appointment of counsel is hereby denied, his request to proceed without the prepayment of filing fees is denied as moot, the petition for review is hereby denied and the BRB's Decision and Order Denying Benefits is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation