56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Doris L. LATTIMER, Widow of Harold Lattimer, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 93-4088.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1995.
 
 Benefits Review Board, No. 92-0880.
 Ben. Rev. Bd.
 VACATED AND REMANDED.
 Before: CONTIE, MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Doris L. Lattimer, pro se, petitions for review of the Benefits Review Board's decision which affirmed an Administrative Law Judge's (ALJ) order permitting partial recovery of an overpayment of benefits made to Lattimer under the Black Lung Benefits Act. 30 U.S.C. Sec. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 The claimant, Mrs. Lattimer, filed an application for benefits under the Act on April 19, 1975, as the surviving spouse of Harold Lattimer. On June 30, 1981, the Department of Labor (DOL) made an initial determination that Mrs. Lattimer was entitled to benefits. Because the responsible operator contested its liability at that time, interim benefits were paid to Mrs. Lattimer from the Black Lung Disability Trust Fund as follows: 1) a lump sum payment of $20,124.80, compensating her for the period from April 1975 through May of 1982; and 2) a monthly check, thereafter, in the amount of $293.20. On June 25, 1985, an ALJ confirmed that Mrs. Lattimer was entitled to benefits. However, the Board vacated this decision and remanded the case for further consideration of the evidence. Upon remand, the same ALJ who initially awarded benefits found that the interim presumption of benefits was rebutted under 20 C.F.R. Sec. 727.203(b)(4), and denied benefits by Decision and Order issued August 6, 1986. This Decision was affirmed by the Board on May 31, 1988, and the claimant did not appeal from the Board's final order.
 
 
 3
 On August 25, 1989, the DOL notified Mrs. Lattimer that she had been overpaid benefits in the amount of $32,958.30. Although the parties stipulated that Mrs. Lattimer was not "at fault" in the occurrence of the overpayment, see 20 C.F.R. Sec. 725.542(a), the Deputy Commissioner found that Mrs. Lattimer was not entitled to a waiver of the recovery of benefits, and ordered her to reimburse the Trust Fund in the total amount.
 
 
 4
 The matter was referred to an ALJ, who concluded that: 1) it would be against equity and good conscience, pursuant to 20 C.F.R. Sec. 410.561d, to order recovery in the amount of $20,100; and 2) there was no basis for waiving recovery of the remaining balance of $12,858.30. Thus, the ALJ issued a Decision and Order Partially Waiving Overpayment and ordering repayment of $12,858.30 to the Trust Fund. The Board found the ALJ's decision supported by substantial evidence. On appeal, Mrs. Lattimer argues that her circumstances have changed so that she cannot repay the amount ordered. She also states that she has suffered great mental anguish and worry so that she cannot endure another appeal of this matter.
 
 
 5
 This court has recognized that it must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir. 1990). The court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir. 1985) (per curiam).
 
 
 6
 When payments to a claimant have been erroneously made under the Act, Sec. 413(b) of the Act authorizes the DOL to recover those payments under the provisions set forth in Sec. 204 of the Social Security Act, 42 U.S.C. Sec. 404. See 30 U.S.C. Sec. 923(c). The applicable regulations direct that there shall be no adjustment or recovery in any case where an incorrect payment has been made with respect to an individual: 1) who is without fault, and 2) where adjustment or recovery would defeat the purpose of the Act or be against equity and good conscience. 20 C.F.R. Sec. 410.561a.
 
 
 7
 Because it is conceded that Mrs. Lattimer was "without fault" under this regulation, the only issue to be decided is whether $12,858.30 of the undisputed overpayment may be waived because a demand on Mrs. Lattimer for repayment in that amount would either defeat the purpose of the Act or would be against equity and good conscience. See 20 C.F.R. Sec. 725.542. This court has noted that the regulations found at 20 C.F.R. Sec. 410.561c(a) allow for waiver when recovery would deprive a person of income for ordinary and necessary living expenses and provide for waiver in certain other situations not specifically mentioned in the regulations. Napier v. Director, OWCP, 999 F.2d 1032, 1035-37 (6th Cir. 1993).
 
 
 8
 Upon review, this court concludes that the case should be remanded to the ALJ for further consideration of factors raised by Mrs. Lattimer, but not addressed or considered by the ALJ in his Decision and Order. Specifically, Mrs. Lattimer has consistently argued that she retired earlier than she would have because of this pending case and that, accordingly, her income has declined significantly. Because this widow "changed her position" as a result of the DOL's demand, this factor should be taken into consideration in determining whether recovery would be against equity and good conscience in her case. See Sec. 410.561d; McConnell v. Director, OWCP, 993 F.2d 1454, 1461-62 (10th Cir. 1993). Another factor that the ALJ did not adequately take into account when arriving at Mrs. Lattimer's adjusted monthly income is the liquidity of this widow's current assets. Liquidation of these assets, particularly her IRA accounts and certificates of deposit, may demand significant penalties and taxes. The courts have agreed that Sec. 410.561c(b) contemplates at least a small monthly cushion of income. McConnell, 993 F.2d at 1460. After considering the additional strains on Mrs. Lattimer's current fixed monthly income as described above, the ALJ must recalculate whether such a "cushion" would still exist.
 
 
 9
 The Director argues that this court may not consider the deterioration of Mrs. Lattimer's financial circumstances since the issuance of the ALJ's decision. However, the statutory and regulatory language looks to the "equity and good conscience" of whether repayment is proper, and this court concludes that, while this court may not decide the merits of the issues involved, it is appropriate to request the ALJ to reconsider and recalculate the effects of a repayment order in light of this surviving widow's current needs. On remand, it would also be appropriate for the ALJ to consider Mrs. Lattimer's responsible behavior in handling the benefits that she did receive, in light of this court's commentary on this issue in Napier, 999 F.2d at 1035-37.
 
 
 10
 Accordingly, the petition for review is granted, and the BRB order is vacated with the direction to remand the matter to an ALJ for further consideration in accordance with this order. Rule 9(b)(3), Rules of the Sixth Circuit.