72 F.3d 131
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Thomas L. VITITOE, Petitioner,
v.
R.A. EBERTS COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 95-3319.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1995.
 
 1
 Before: MERRITT, Chief Judge; BATCHELDER, Circuit Judge and DOWD,* District Judge.
 
 ORDER
 
 2
 Thomas L. Vititoe, through counsel, petitions for review of a Benefits Review Board Decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Mr. Vititoe filed his application for black lung benefits on June 8, 1991. Initially, the District Director issued a Finding of Entitlement, but the Respondent, R.A. Eberts Company, contested that finding. Eventually, the case was referred to the Office of Administrative Law Judges and a hearing was held on September 1, 1993.
 
 
 4
 Thereafter, the Administrative Law Judge (ALJ) issued a Decision denying benefits. The ALJ determined that Vititoe had established ten years of qualifying coal mining employment, that the claimant suffered from pneumoconiosis, that the pneumoconiosis arose out of coal mining employment, and that Vititoe was totally disabled as defined under 20 C.F.R. Part 718. However, the ALJ denied benefits, because Vititoe had not shown that his total disability was due to occupational pneumoconiosis pursuant to 20 C.F.R. Sec. 718.204(c). See Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). On appeal, the Board affirmed the ALJ's conclusions as supported by substantial evidence.
 
 
 5
 A decision by the Board must be affirmed on appeal if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court reviews an ALJ's decision to determine whether it is supported by substantial evidence and is in accordance with the applicable law. Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir.1995); Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230-31 (6th Cir.1994); Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985). As long as an ALJ's conclusion is supported by the evidence, this court will not reverse it, "even if the facts permit an alternative conclusion." Webb, 49 F.3d at 246.
 
 
 6
 Because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed it under Part 718 of the regulations. 20 C.F.R. Sec. 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989) To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 718.2, 718.202-718.205; Adams, 886 F.2d at 820. The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 7
 The sole issue on appeal is whether Vititoe's total disability is due to pneumonconiosis. The ALJ provided a thorough and accurate summary of the two physicians' opinions of record, by Dr. J. Foglesong and by Dr. Herbert Grodner. Dr. Foglesong diagnosed chronic obstructive pulmonary disease, and noted that "a component of pneumoconiosis may be present." Dr. Foglesong opined that the etiology of this condition was "smoking--possibly pneumoconiosis--exposure to coal dust." Although Dr. Foglesong believed the claimant's impairment was severe, this physician left completely blank the section of the examination report where he was asked to provide his opinion as to the extent that the diagnosis contributed to the claimant's impairment. Dr. Grodner stated that he believed the claimant's chronic obstructive pulmonary disease was not occupationally related and was probably due to cigarette smoking. The ALJ concluded that this evidence did not show Vititoe's disability was due to pneumoconiosis under Sec. 718.204(c). Thus, benefits were denied.
 
 
 8
 This court concludes that substantial evidence supports the ALJ's conclusion. Vititoe has failed to present any evidence demonstrating that his total disability is due to pneumoconiosis. Although proof of causation under Sec. 718.204(c) is not particularly burdensome under the new standard set forth in Adams, the claimant must still adduce affirmative evidence that his pneumoconiosis was a contributing cause to his total disability, and the ALJ must be convinced of this fact by a preponderance of the evidence. Adams, 886 F.2d at 825-26 n. 9. Dr. Grodner's opinion clearly does not associate Vititoe's impairment with his occupational disease, and Dr. Foglesong's opinion fails to make this connection, as well. Even if Dr. Foglesong intended to relate his diagnosis of "possible" pneumoconiosis to Vititoe's impairment, the equivocal nature of this diagnosis would fail to establish the causation factor under Sec. 718.204(c). See Griffith v. Director, OWCP, 49 F.3d 184, 186 (6th Cir.1995).
 
 
 9
 Accordingly, the petition for review is denied.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation